MARK J. MOLZ, ESQUIRE
1400 Route 38 East, Box 577
Hainesport, New Jersey 08036
(609) 267-8884
File No. 8847

| | |
|---|---|
| G.K., Individually And On behalf Of<br>The Minor, A.Z.,<br><br>            Plaintiff,<br><br>vs.<br><br>RYDER STUDENT TRANSPORTATION SERVICES, INC.; RYDER TRUCK RENTAL, INC.; JOHN H. FISK; JOSEPH E. VERFAILLE; CAMDEN CITY BOARD OF EDUCATION; ARCHWAY PROGRAMS, INC.; JOHN LAND; JOHN DOES 1-98; individually, jointly & severally;<br><br>            Defendants. | UNITED STATE DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CAMDEN VICINAGE<br>DOCKET NO. 01-CV-03906 (SSB)<br><br>Civil (Jury)<br><br>**ORDER**<br>**DIRECTING DISTRIBUTION**<br>**OF FUNDS RELATING TO**<br>**DR. DRAGAN'S BILL** |

THIS MATTER having been opened to the Court by way of Friendly Hearing for settlement of the minor Nikita Boothman's claims in this case, and the issue of the fee for the expert witness services of Dr. Edward Dragan having arisen, and the Court having considered all papers filed with the Court on this issue, and the oral arguments of counsel, and for good cause shown,

IT IS on this ___ day of Aug 2004 ORDERED that the sum of $23,042.49, which represents the total amount charged by Dr. Edward Dragan for his services in this case, and which has been paid in full by Mark J. Molz, Esquire, is partially approved to the extent that two-thirds of the total is approved, and one-third of the total is not approved, whereby distribution of the $23,042.49 currently held in escrow shall be as follows:

    a.    $15,361.66 shall be immediately paid to Mark J. Molz, Esquire in reimbursement for payments to Dr. Edward Dragan;

   b.  $5,760.62, representing 75% of the unapproved portion of Dr. Dragan's total bill, pursuant to the contingency fee rule of the New Jersey Rules of Professional Conduct, shall be made payable to Gleatina Kupolati as Guardian ad Litem of Nikita Boothman and placed into the interest-bearing guardianship account established by the prior order of this Court for the medical expenses or specialized educational needs of Nikita Boothman; and

   c.  $1,920.21, representing 25% of the unapproved portion of Dr. Dragan's total bill, pursuant to the contingency fee rule of the New Jersey Rules of Professional Conduct, shall be made payable as attorney's fees.

  IT IS FURTHER ORERED that this Order does not address any issues of responsibility for the unapproved portion of Dr. Dragan's bill as between the three attorneys Jamie Epstein, Esq., Mark J. Molz, Esq. and David M. Weissman, Esq.

  IT IS FURTHER ORDERED that a true copy of this Order be served on all parties appearing in this action via regular mail within 7 days of its receipt.

_____  
             Judge

( X ) Opposed  
(  ) Unopposed